JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-home buyers Huaxin Li and Jing Zhang (we shall refer to Li as the plaintiff) brought suit against defendant-home seller Leonard J. Stanek, alleging that Stanek fraudulently misrepresented and negligently misrepresented information relating to the square footage of a house he sold to Li. The court granted summary judgment to Stanek, finding that Li failed to present any evidence to show the existence of a genuine issue of material fact.
 I {¶ 2} Civ.R. 56(C) permits the court to enter summary judgment when (1) no genuine issues as to any material fact remain to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. When reviewing a motion for summary judgment, we are required to view the facts in a light most favorable to the non-moving party. Id.
 II {¶ 3} To sustain a claim of fraud and defeat the defense of caveat emptor, a buyer must show (1) a representation, (2) material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance on the misrepresentation, and (6) a resulting injury proximately caused by the reliance. SeeBuchanan v. Geneva Chervenic Realty (1996),115 Ohio App.3d 250, 257
 {¶ 4} Li based the misrepresentation claims on the actual square footage of the house he purchased from Stanek. When Li bought the house in March 2000, it was advertised by promotional material issued by Stanek's realtor as having 3,667 square feet. However, when Li attempted to sell the house a few years later, he claimed that he learned the actual square footage was considerably less than had been represented to him during his purchase.
 {¶ 5} Unfortunately, Li failed to present evidence of fraud and, more importantly, that Stanek made intentionally false representations about the square footage of the house. His affidavit stated in relevant part:
 {¶ 6} "2. That I never measured each of the rooms of the home at issue;
 {¶ 7} "3. That I relied on the square footage figures provided to me by the Defendants through their real estate agent;
 {¶ 8} "4. That this reliance was based upon the fact that I knew the Defendants were the first owners and would surely know the square footage of same;
 {¶ 9} "5. That while I never spoke to the Defendants themselves, I assumed that their real estate agent was representing their interests and would not pass on any information to me that she had not gotten from or had verified by the Defendants;
 {¶ 10} "6. I feel that my reliance upon these representations was justified and, as a result of that justifiable reliance, have been damaged. * * *."
 {¶ 11} Conspicuously missing from Li's affidavit is any evidence to show the actual square footage of the house and that Stanek knew the actual square footage and misrepresented that fact. Li did append to his brief in opposition to summary judgment an exhibit that purported to be plans for the house which showed the house was only 2,918 square feet. However, Li did not authenticate these plans in any way, nor did he show that the house had been built according to the plans. In fact, the photocopy does not include the address of the house nor the person for whom the house was built. In short, the partial photocopy of the plan could have been from any residence and absent authentication or verification by affidavit, the court could not consider it as evidence. This meant that Li presented no evidence to show the actual square footage of the house, a fact that he readily conceded in his affidavit. This omission is fatal.
 {¶ 12} In any event, there did appear to be a discrepancy between the actual square footage of the house. Stanek offered evidence to show that the advertised square footage of the house was derived from measurements made by the Cuyahoga County Auditor. He stated that he acted as general contractor for the house, but was "not convinced that our home was a large as the Auditor's office said it was." To that end, a representative from the auditor's office came to the house and measured it. Apparently, the auditor considered a two-story room as two separate rooms for square footage purposes and this accounted for the discrepancy in size. To prove this point, Stanek offered as an exhibit a printout from the auditor's website which shows the "living area" as 3,668 feet.
 {¶ 13} Given Stanek's evidence and Li's failure to present any evidence to the contrary, we find that there is no material issue of fact on the element of fraud which requires Li to show that Stanek knowingly made a false statement as to the square footage of the house.
 III {¶ 14} A party may be liable for negligent misrepresentation when, in the course of a transaction in which the party has a pecuniary interest, the party supplies false information for the guidance of others in their business transactions, and the other party suffers pecuniary loss as a result of justifiable reliance upon the information, or if the party fails to exercise reasonable care or competence in obtaining or communicating the information. Delman v. Cleveland Heights (1989),41 Ohio St.3d 1, 4. In some circumstances, a representation made with an honest belief in its truth may still be negligent because of a lack of reasonable care in ascertaining the facts, or in the manner or expression, or absence of the skill and competence required by a particular business or profession. Marasco v. Hopewell,
Franklin App. No. 03AP-1081, 2004-Ohio-6715, at ¶ 53.
 {¶ 15} The reasons which justified summary judgment on the fraud counts likewise justify summary judgment on the negligent misrepresentation count. Stanek's uncontroverted evidence that he relied upon measurements made by the county auditor showed that he did not act negligently in representing the square footage of the house to Li. The square footage was not "false" nor was Stanek under any duty to question the conclusion of the auditor.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Calabrese, Jr., J., concur.